IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDUCATION MANAGEMENT II, LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11494 (LSS)<br><br>Objection Deadline: August 16, 2018 at 4:00 p.m. (ET)<br>Hearing Date: August 23, 2018 at 10:30 a.m. (ET) |

### MOTION OF CHAPTER 7 TRUSTEE
### FOR ORDER ESTABLISHING NOTICE PROCEDURES

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby moves the Court for an order (the "Motion") establishing notice procedures, as set forth herein. Based on the information provided to the Trustee, there are over 60,000 parties-in-interest in this case, including but not limited to students and parents, and the exorbitant expenses that the Trustee would otherwise incur if it were compelled to provide such parties with notice of all pleadings filed in this case, the Trustee submits that the proposed notice and case management procedures are in the best in interests of the Trustee, the Debtors, its estate, creditors, and all parties in interest.

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A listing of all fifty-nine affiliated Debtors and their case numbers are attached hereto as **Exhibit B**.

DOCS_NY:37963.1 57092/001

3. The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## FACTUAL BACKGROUND

4. On June 29, 2018 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (collectively, the "Cases"). George L. Miller was appointed as the Chapter 7 Trustee.

## PROPOSED PROCEDURES

5. By this Motion, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to limit notice to: (i) counsel to the Debtors; (ii) counsel to the pre-petition lenders; (iii) the United States Trustee; (iv) the United States Department of Education; (v) the Internal Revenue Service; and (vi) all parties who have requested notice in these cases under Bankruptcy Rule 2002 (the "Limited Service List").[2]

## ARGUMENT

6. The Bankruptcy Rules permit courts to establish procedures for giving notice, to standardize the form of notice and to limit the number of parties who receive such notice of a particular matter not otherwise regulated by the Rules. Bankruptcy Rule 2002(m) provides that:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

7. Bankruptcy Rule 9007 also provides the Court with general authority to regulate notices:

---

[2] A copy of the Limited Service List as of August 2, 2018 is attached hereto as **Exhibit C**.

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed. R. Bankr. P. 9007.

8.     Bankruptcy Rule 2002(i) expressly grants this Court authority to establish procedures for the creation and maintenance of a list of a limited number of parties who are designated to receive notice of most matters contemplated in a bankruptcy case:

> The Court may order that notices required by subdivision (a)(2), (3), and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under section 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i); *see also In re Knudsen Corp.*, 67 B.R. 254 (Bankr. C.D. Cal. 1986) (court implicitly recognizes that notice can be limited in accordance with Bankruptcy Rule 2002(i)); *Southern Railway Co. v. Johnson Bronze Co.*, 758 F.2d 137, 140 (3d Cir. 1985) (in regard to sale of property other than in the ordinary course of debtor's business, Bankruptcy Rule 2002(i) provides that the Court may order that notices be mailed only to the committees or their authorized agents and to creditors and equity security holder filing requests for special notice).

9.     Where, as here, there are, upon information and belief, over 60,000 potential creditors, noticing all such creditors would unnecessarily cost the estates an exorbitant amount of money.  Furthermore, these estates are already climbing up a steep hill, as the lenders only provided $25,000 to the Trustee to administer these estates, and even the service of one short pleading would deplete the funds in the estate at this point.  Because all parties in interest can elect to be added to the Limited Service List by filing a notice under Bankruptcy Rule 2002, parties are not prejudiced by the relief sought by this Motion.

## NOTICE

10.	The Trustee has provided notice of this Motion to the Limited Service List. Due to the lack of funds in the estate, the Trustee proposed that the notice of this Motion as set forth herein is reasonable under the circumstances.

**WHEREFORE**, the Trustee respectfully requests this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to limit notice to the parties identified on the Limited Service List and to grant such other relief as is just and proper.

Dated: August 2, 2018	PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Steven W. Golden (TX Bar No. 24099681)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:	bsandler@pszjlaw.com
	crobinson@pszjlaw.com
	sgolden@pszjlaw.com

[Proposed] Counsel to George L. Miller, Chapter 7 Trustee