IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 7 ) |
| Education Management Corporation, The Art Institute of Philadelphia, LLC Debtors, *et al*[1] | ) Case Nos. 18-11500 (LSS) ) 18-11535 (LSS) ) ) ) ) |

**ORDER GRANTING MOTION OF COMMONWEALTH OF MASSACHUSETTS FOR DETERMINATION THAT THE AUTOMATIC STAY PROVISION DOES NOT APPLY TO MASSACHUSETTS' ACTIONS AGAINST DEBTORS**

Upon the *Motion of Commonwealth of Massachusetts for Determination that the Automatic Stay Provision Does Not Apply to Massachusetts' Actions Against Debtors* and consideration of the Trustee's Objection to the Commonwealth's Motion and the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College Tucson, Inc. (4601); Education Management LLC (6022); Miami International University of Art & Design, Inc. (1065); South Education-Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC- San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California- Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Co1orado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philade1phia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Port1and, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

1

Commonwealth's Response to the Trustee's Objection, and due and sufficient notice having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. §157(b); and venue being proper before this court under 28 U.S.C. §§1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and for the reasons stated on the record by the Court on October 23, 2018 it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein;

2. The Objection is OVERRULED as stated on the record on October 23, 2018, for the reasons set forth therein;

3. The state court case *Commonwealth of Massachusetts v. The New England Institute of Art, LLC & Education Management Corporation*, No. 18-2356H (the "Action") is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4);

4. Nothing in this Order grants the Commonwealth of Massachusetts authority or relief from the automatic stay to enforce any money judgment that it may obtain in the Action against the Debtors or their estates; and

5. The Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

*[Signature]*

**Dated: November 6th, 2018**            **LAURIE SELBER SILVERSTEIN**
**Wilmington, Delaware**                 **UNITED STATES BANKRUPTCY JUDGE**