**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| **THE ART INSTITUTE OF PHILADELPHIA, LLC., et al[1].,** | Case No. 18-11535 (LSS) (Jointly Administered) |
| Debtors. | Objection Deadline: November 30, 2018 at 4:00 p.m. Hearing Date: December 7, 2018 at 10:00 a.m. |

**FIRST INTERIM APPLICATION OF MILLER COFFEY TATE LLP
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
AS ACCOUNTANTS AND BANKRUPTCY CONSULTANTS TO THE TRUSTEE
FOR THE PERIOD FROM JUNE 29, 2018 THROUGH SEPTEMBER 30, 2018**

| | |
|---|---|
| Name of Applicant: | Miller Coffey Tate LLP |
| Authorized to Provide Professional Services to: | Trustee |
| Date of Retention: | Retention Application Filed: August 2, 2018 Seeking <u>nunc pro tunc</u> employment as of June 29, 2018 Order entered August 29, 2018 |
| Period for which compensation and reimbursement is sought: | June 29, 2018 through September 30, 2018 |
| Amount of Compensation sought as actual, reasonable and necessary: | $107,286.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,453.80 |
| This is an __X__ Interim _____ Final Application | |

---

[1] The Debtors in these cases, along with the last Bankruptcy Case No. for each Debtor, are: The Art Institute of Philadelphia, LLC., Case No. 18-11535, Education Management II, LLC., Case No. 18-11494, American Education Centers, Inc., Case No. 18-11495, Argosy Education Group, Inc., Case No. 18-11496, Argosy University of California, LLC., Case No. 18-11497, Brown Mackie College – Tucson, Inc., Case No. 18-11498, Education Finance III, LLC., Case No. 18-11499, Education Management Corporation., Case No. 18-11500, Education Management Holdings II, LLC., Case No. 18-11501, Education Management, LLC., Case No. 18-11502, Higher Education Services II, LLC., Case No. 18-11503, Miami International University of Art & Design, Inc., Case No. 18-11504, South Education – Texas, LLC., Case No. 18-11505, South University of Alabama, Inc., Case No. 18-11506, South University of Carolina, Inc., Case No. 18-11507, South University of Florida, Inc., Case No. 18-11508, South University of Michigan, LLC., Case No. 18-11509, South University of North Carolina, LLC., Case No. 18-11510, South University of Ohio, LLC., Case No. 18-11511, South University of Virginia, LLC., Case No. 18-11512, South University Research II, LLC., Case No. 18-11513, South University, Case No. 18-11514, Stautzenberger College Education Corporation, Case No. 18-11515, TAIC – San Diego, Inc., Case No. 18-11516, TAIC – San Francisco, Inc., Case No. 18-11517, The Art Institutes International Minnesota, Inc., Case No. 18-11518, The Art Institute of Atlanta, LLC, Case No. 18-11519, The Art Institute of Austin, Inc., Case No. 18-11520, The Art Institute of California – Hollywood, Inc., Case No. 18-11521, The Art Institute of California – Inland Empire, Inc., Case No. 18-11522, The Art Institute of California – Los Angeles, Inc., Case No. 18-11523, The Art Institute of California – Orange County, Inc., Case No. 18-11524, The Art Institute of California – Sacramento, Inc., Case No. 18-11525, The Art Institute of Charleston, Inc., Case No. 18-11526, The Art Institute of Charlotte, LLC, Case No. 18-11527, The Art Institute of Colorado, Inc., Case No. 18-11528, The Art Institute of Dallas, Inc., Case No. 18-11529, The Art Institute of Fort Lauderdale, Inc., Case No. 18-11530, The Art Institute of Houston, Inc., Case No. 18-11531, The Art Institute of Indianapolis, LLC, Case No. 18-11532, The Art Institute of Las Vegas, Inc., Case No. 18-11533, The Art Institute of Michigan, Inc., Case No. 18-11534, The Art Institute of Pittsburgh, LLC, Case No. 18-11536, The Art Institute of Portland, Inc., Case No. 18-11537, The Art Institute of Raleigh-Durham, Inc., Case No. 18-11538, The Art Institute of St. Louis, Inc., Case No. 18-11539, The Art Institute of San Antonio, Inc., Case No. 18-11540, The Art Institute of Seattle, Inc., Case No. 18-11541, The Art Institute of Tampa, Inc., Case No. 18-11542, The Art Institute of Tennessee-Nashville, Inc., Case No. 18-11543, The Art Institute of Virginia Beach, Inc., Case No. 18-11544, The Art Institute of Washington, Inc., Case No. 18-11545, The Art Institutes International II, LLC, Case No. 18-11546, The Illinois Institute of Art and Schaumberg, Inc., Case No. 18-11547, The Illinois Institute of Art, Inc., Case No. 18-11548, The Institute of Post-Secondary Education, Inc., Case No. 18-11549, The New England Institute of Art, LLC, Case No. 18-11550, The University of Sarasota, Inc., Case No. 18-11551 and Western State University of Southern California, Case No. 18-11552

# ATTACHMENT
# LOCAL FORM 102/RULE 2016-2
# FEE SUMMARY
## June 29, 2018 through September 30, 2018

| Name of Professional Person | Certification Date | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate 2018 | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Matthew R. Tomlin, CPA | 1994 | Partner (2006) | $535 | 156.60 | $ 83,781.00 |
| William A. Homony, CIRA | 2010 | Principal (2016) | $485 | 5.50 | 2,667.50 |
| Jack J. Reynolds | N/A | Senior Accountant (2014) | $290 | 14.90 | 4,321.00 |
| Cole M. Gamber | N/A | Staff Accountant (2018) | $195 | 0.50 | 97.50 |
| Victor J. Stott | N/A | Staff Accountant (2017) | $195 | 84.20 | 16,419.00 |
| | **TOTAL** | | | **261.70** | **$ 107,286.00** |

Blended rate $409.96

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 5.00 | $ 2,635.00 |
| Litigation | 55.20 | 24,055.50 |
| Taxes | 15.80 | 6,753.00 |
| Asset Recovery | 177.40 | 69,839.00 |
| Claims | 8.30 | 4,003.50 |
| Total | 261.70 | $ 107,286.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---:|
| Airfare | Various | $ 999.40 |
| Car Rental | Various | 87.09 |
| Meals | Various | 72.10 |
| Mileage | Various | 65.40 |
| Pacer | MCT | 56.70 |
| Parking | Various | 57.00 |
| Photocopies | MCT | 105.00 |
| Postage | MCT | 11.11 |
| | Total | $ 1,453.80 |

## PRIOR FEE APPLICATIONS

| | | REQUESTED | | APPROVED | | PAID | |
|---|---|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 11/16/18 | 6/29/18 through 9/30/18 | $ 107,286.00 | $ 1,453.80 | Pending | Pending | Pending | Pending |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re:<br><br>THE ART INSTITUTE OF<br>PHILADELPHIA, LLC., et al[1].,<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br>(Jointly Administered)<br><br>Objection Deadline: November 30, 2018 at 4:00 p.m.<br>Hearing Date: December 7, 2018 at 10:00 a.m. |
|---|---|

**FIRST INTERIM APPLICATION OF MILLER COFFEY TATE LLP
AS ACCOUNTANTS AND BANKRUPTCY CONSULTANTS TO THE TRUSTEE
FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Miller Coffey Tate LLP ("MCT") hereby applies (the "Application") for an award of reasonable compensation in the above-captioned chapter 7 cases of The Art Institute of Philadelphia, LLC., et al., (the "Debtors"), for professional accounting services rendered as Accountants and Bankruptcy Consultants for the Trustee in the amount of $107,286.00 together with reimbursement for actual and necessary expenses incurred in the amount of $1,453.80 for the period commencing June 29, 2018 through and including September 30, 2018 (the "Application Period"). In support of the Application, MCT respectfully represents as follows:

## Background

1. On June 29, 2018 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last Bankruptcy Case No. for each Debtor, are: The Art Institute of Philadelphia, LLC., Case No. 18-11535, Education Management II, LLC., Case No. 18-11494, American Education Centers, Inc., Case No. 18-11495, Argosy Education Group, Inc., Case No. 18-11496, Argosy University of California, LLC., Case No. 18-11497, Brown Mackie College – Tucson, Inc., Case No. 18-11498, Education Finance III, LLC., Case No. 18-11499, Education Management Corporation., Case No. 18-11500, Education Management Holdings II, LLC., Case No. 18-11501, Education Management, LLC., Case No. 18-11502, Higher Education Services II, LLC., Case No. 18-11503, Miami International University of Art & Design, Inc., Case No. 18-11504, South Education – Texas, LLC., Case No. 18-11505, South University of Alabama, Inc., Case No. 18-11506, South University of Carolina, Inc., Case No. 18-11507, South University of Florida, Inc., Case No. 18-11508, South University of Michigan, LLC., Case No. 18-11509, South University of North Carolina, LLC., Case No. 18-11510, South University of Ohio, LLC., Case No. 18-11511, South University of Virginia, LLC., Case No. 18-11512, South University Research II, LLC., Case No. 18-11513, South University, Case No. 18-11514, Stautzenberger College Education Corporation, Case No. 18-11515, TAIC – San Diego, Inc., Case No. 18-11516, TAIC – San Francisco, Inc., Case No. 18-11517, The Art Institutes International Minnesota, Inc., Case No. 18-11518, The Art Institute of Atlanta, LLC, Case No. 18-11519, The Art Institute of Austin, Inc., Case No. 18-11520, The Art Institute of California – Hollywood, Inc., Case No. 18-11521, The Art Institute of California – Inland Empire, Inc., Case No. 18-11522, The Art Institute of California – Los Angeles, Inc., Case No. 18-11523, The Art Institute of California – Orange County, Inc., Case No. 18-11524, The Art Institute of California – Sacramento, Inc., Case No. 18-11525, The Art Institute of Charleston, Inc., Case No. 18-11526, The Art Institute of Charlotte, LLC, Case No. 18-11527, The Art Institute of Colorado, Inc., Case No. 18-11528, The Art Institute of Dallas, Inc., Case No. 18-11529, The Art Institute of Fort Lauderdale, Inc., Case No. 18-11530, The Art Institute of Houston, Inc., Case No. 18-11531, The Art Institute of Indianapolis, LLC, Case No. 18-11532, The Art Institute of Las Vegas, Inc., Case No. 18-11533, The Art Institute of Michigan, Inc., Case No. 18-11534, The Art Institute of Pittsburgh, LLC, Case No. 18-11536, The Art Institute of Portland, Inc., Case No. 18-11537, The Art Institute of Raleigh-Durham, Inc., Case No. 18-11538, The Art Institute of St. Louis, Inc., Case No. 18-11539, The Art Institute of San Antonio, Inc., Case No. 18-11540, The Art Institute of Seattle, Inc., Case No. 18-11541, The Art Institute of Tampa, Inc., Case No. 18-11542, The Art Institute of Tennessee-Nashville, Inc., Case No. 18-11543, The Art Institute of Virginia Beach, Inc., Case No. 18-11544, The Art Institute of Washington, Inc., Case No. 18-11545, The Art Institutes International II, LLC, Case No. 18-11546, The Illinois Institute of Art and Schaumberg, Inc., Case No. 18-11547, The Illinois Institute of Art, Inc., Case No. 18-11548, The Institute of Post-Secondary Education, Inc., Case No. 18-11549, The New England Institute of Art, LLC, Case No. 18-11550, The University of Sarasota, Inc., Case No. 18-11551 and Western State University of Southern California, Case No. 18-11552

2. On or about June 29, 2018, the Office of the United States Trustee appointed George L. Miller as Trustee (the "Trustee") of the estates of the Debtors.

3. An Application of the Trustee for an Order Authorizing the Retention and Employment of Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants Nunc Pro Tunc to June 29, 2018 (the "Retention Application") was filed on or about August 2, 2018 and the Order was entered on August 22, 2018. The Retention Application requests that MCT be compensated on an hourly basis and be reimbursed for actual and necessary out-of-pocket expenses it incurred. At all relevant times, MCT has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code (the "Code") and has not represented nor held any interest adverse to the interest of the Debtors or Debtors estates.

## Compensation Paid and its Source

4. All services for which MCT requests Compensation were performed for or on behalf of the Trustee.

## Relief Requested

5. This Application is the first interim fee application to be filed by MCT in these cases. In connection with the professional services described below, by this Application, MCT seeks compensation in the amount of $107,286.00 and expense reimbursement of $1,453.80.

6. Exhibits A-1 through A-7 reflect the services performed as follows:

A-1 Summary of Time Charges by Individual - this summary reflects the aggregate time by individual.

A-2 Summary of Time Charges by Category - this summary reflects the charges for services rendered by category.

A-3 through A-7 reflects the explanation and detailed time charges by category and by individual with the category as follows:

        A-3    Case Administration
        A-4    Avoidance Actions
        A-5    Taxes
        A-6    Asset Recovery
        A-7    Claims

### Summary of Services Rendered

7. Applicant has performed numerous services for the Trustee which services are fully described in Exhibits "A-1" through "A-7" which are attached hereto and incorporated herein by reference.

Staffing provided by the Applicant along with their responsibilities for the engagement is as follows:

(a) Matthew R. Tomlin, CPA, is the engagement Partner who is directly responsible for the entire engagement. Mr. Tomlin supervises all Applicant's employees as well as staff. Mr. Tomlin, as engagement partner, has final responsibility for the engagement. Mr. Tomlin supervised services rendered in connection with the investigation, compilation, review and analysis of the Debtors' records for litigation and proceedings, asset recoveries, avoidance actions, claims analysis, corporate income, payroll and related taxes and with issues that arose associated with the bankruptcy filing.

(b) William A. Homony, CIRA is the principal who assisted with services rendered in connection with litigation and analysis of liens and asset recoveries.

(c) Jack J. Reynolds was the senior accountant responsible for the compilation and analysis of the Debtors' records for the recovery from litigation, avoidance actions, and asset recoveries, analysis of

Debtors' records and other claims, and the preparation of income tax returns and information returns to be filed by the Debtors.

(d) Victor J. Stott and Cole M. Gamber are the staff accountants who assisted with the review, analysis and compilation of the Debtors' records for analyses of potential asset recoveries, adversaries, claims analysis as well as the preparation of the federal tax returns and information returns.

In addition, since each Applicant's staff person is responsible for separate and distinct assignments, it is necessary to have organization meetings between the staff persons as well as with the Trustee's attorneys in order to properly administer the estates.

8. For the Application Period, MCT seeks allowance of compensation in the amount $107,286.00 in connection with the professional services described above.

9. During the Application Period, MCT incurred or disbursed the actual and necessary costs and expenses related to this case in the amount of $1,453.80 as identified on Exhibit B.

| Type | Total |
|---|---|
| Airfare | $ 999.40 |
| Car Rental | 87.09 |
| Meals | 72.10 |
| Mileage | 65.40 |
| Pacer | 56.70 |
| Parking | 57.00 |
| Photocopies | 105.00 |
| Postage | 11.11 |
| **Total** | **$ 1,453.80** |

10. Pursuant to Local Rule 2016-2 of this Court, MCT represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

a) Copy charges are $.10 per page, which charge is reasonable and customary in the accounting industry representing costs of copy materials, acquisition maintenance,

storage and operation of copy machines, together with a margin for recovery of lost expenditures.

11. MCT has reviewed the requirements of Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, and this Application complies with Local Rule 2016-2.

**WHEREFORE**, MCT respectfully requests that the Court enter an order allowing compensation in the sum of $107,286.00 for professional services rendered, and the sum of $1,453.80 for reimbursement of actual and necessary costs and expenses incurred by it in these cases from June 29, 2018 through September 30, 2018, and that the Trustee be authorized to pay MCT all outstanding amounts.

Dated: November 16, 2018              MILLER COFFEY TATE LLP

/s/ Matthew R. Tomlin
MATTHEW R. TOMLIN, CPA
Miller Coffey Tate LLP
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103
Ph: 215-561-0950
Fax: 215-561-0330
Accountants and Bankruptcy Consultants to the Trustee