# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF<br>PHILADELPHIA LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 95** |

## PRELIMINARY OBJECTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO MOTION OF U.S. BANK, NATIONAL ASSOCIATION TO ENFORCE STIPULATION AGAINST GEORGE L. MILLER, CHAPTER 7 TRUSTEE

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby objects (the "Objection") to the *Motion of U.S. Bank, National Association to Enforce Stipulation Against George L. Miller, Chapter 7 Trustee* [Docket No. 95] (the "Motion") of U.S. Bank National Association ("U.S. Bank") as administrative agent and collateral agent under that certain Credit and Guaranty Agreement, dated as of January 5, 2015 (as amended, restated, supplemented or otherwise modified from time to time, and including any and all annexes, exhibits and schedules thereto, collectively, the "Credit Agreement"), by and among Education Management II, LLC, Education Management Corporation, Education Management Holdings II, LLC and certain subsidiaries, as Guarantors (collectively, the "Credit

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558);Western State University of Southern California (3875).

Party Debtors"). In further support of this Objection, the Trustee respectfully represents as follows:

## INTRODUCTION[2]

1. Contrary to the spurious allegations made by U.S. Bank in the Objection, it is U.S. Bank, not the Trustee, which refuses to comply with the Stipulation. Indeed, the Trustee, in spite of his concerns over whether the Surety Collateral is Surrendered Collateral, was and remains willing to sign the Turnover Direction so long as U.S. Bank complies with the heavily-negotiated Stipulation.

2. The construct of the Stipulation is simple. Paragraph 6 of the Stipulation requires that, within ten (10) business days of a written request, the Trustee "turn over to U.S. Bank all Collateral (including any Surrendered Collateral) *in the Trustee's possession*." *Stipulation*, at ¶ 6(iii) (emphasis added). In the event that U.S. Bank requires the Trustee's assistance in collecting any Collateral not in the possession of the Trustee, paragraph 11 of the Stipulation provides that U.S. Bank must request such assistance "in a writing that specifically references this paragraph [11]." *Id.*, at ¶ 11.

3. Here, the Surety Collateral is unequivocally not in the Trustee's possession; as U.S. Bank admits, it is in Wells Fargo's possession. *Motion*, at ¶ 3. U.S. Bank and Wells Fargo—and not the Trustee—reached an agreement (the "Agreement") concerning the release of the Surety Collateral in Wells Fargo's possession. *Id.* That bipartite Agreement requested the Trustee's assistance with U.S. Bank's collecting the Surety Collateral, but U.S. Bank refuses to comply with paragraph 11 of the Stipulation, which specifically contemplated a situation such as this.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4. The Trustee has proceeded in good faith with U.S. Bank concerning a consensual stipulation resolving the issue raised in the Motion, both before and after the Motion was filed and expected such a consensual resolution to be presented to the Court. *See* Docket No. 98 (referencing a to-be-filed stipulation). Despite having reached an agreement on changes to the Turnover Direction and a proposed stipulation resolving the dispute, U.S. Bank sought to modify the terms after the Trustee provided his signature pages. In fact, the Trustee has executed provided U.S. Bank the signature page to the Turnover Direction on two separate occasions (September 14 and September 17).[3] Each time, U.S. Bank returned with further requirements for the execution of the Turnover Direction by its clients. Simply put, U.S. Bank cannot take yes for an answer. Thus, it is U.S. Bank that is refusing to comply with the terms of the Stipulation. Therefore, the Trustee must now unfortunately object to the Motion.

## PRELIMINARY OBJECTION[4]

### A. Because the Trustee Does Not Possess the Surety Collateral, Paragraph 6 of the Stipulation is Inapplicable

5. The Motion relies solely on paragraph 6 of the Stipulation to come to the tortured conclusion that the Trustee "refuses" to comply with the terms of the Stipulation. *See Motion*, at ¶ 27. But, by its plain terms, paragraph 6 of the Stipulation only applies to turnover of Surrendered Collateral "in the Trustee's possession." *Stipulation*, at ¶ 6; *see also Motion* at ¶ 2. For numerous reasons, it is clear that the Surety Collateral is not "in the Trustee's possession."

6. First, as U.S. Bank admits, the Surety Collateral is held by Wells Fargo in a trust account, not by the Trustee. *Motion*, at ¶ 3. Second, as U.S. Bank also admits, "the Credit Party Debtors' interest in the Surety Collateral is not property of the Credit Party Debtors' estates." *Id.*, at ¶ 23. Third, even if the Credit Party Debtors did have an interest in the Surety Collateral,

---

[3] The Trustee executed a revised version of the Turnover Direction to be held in escrow and objects to the form of Turnover Direction attached to the Motion.

-3-

the Stipulation provided for relief from the automatic stay such that the Trustee has abandoned the Surety Collateral and U.S. Bank can realize possession thereon without any need for the Trustee or the Credit Party Debtors to become involved. *Stipulation*, at ¶ 10

7. The only argument propounded by U.S. Bank is that the Trustee is in "constructive possession" of the Surety Collateral "because Wells Fargo will not release the Surety Collateral without the Trustee executing the Turnover Direction." *Motion*, at ¶ 26. This argument is meritless and is a contradiction in and of itself. First, by arguing that the Trustee is "in possession" of the Surety Collateral, U.S. Bank contradicts its own admission that the Surety Collateral is not property of the Credit Party Debtors' estates. *See, e.g., In re Mays*, 85 B.R. 955, 960-61 (Bankr. E.D. Pa. 1988) (describing a "possessory interest" as "clearly" property of the estate); *see also* 11 U.S.C. § 541(a) (stating that property of the estate is "comprised of . . . all legal or equitable interests of the debtor in property"). To that end, the Motion is procedurally improper and the relief sought must be commenced in an adversary proceeding; U.S. Bank is seeking a declaratory judgment from the Court that the estate has a "constructive possessory" interest in the Surety Collateral, which could only be brought through an adversary proceeding. Fed. R. Bankr. P. 7001(2), (9); *see also In re Carels*, 2009 Bankr. LEXIS 2633, at *9 (Bankr. E.D. Pa. Mar. 19, 2009) ("a declaratory judgment concerning an interest in property should be sought by adversary proceeding and not via motion as a contested matter").

8. Further, whether or not the Surety Collateral belongs to U.S. Bank is a question of state law. U.S. Bank could have commenced a state court proceeding seeking turnover of the Surety Collateral against Wells Fargo but, instead, came to a two-party agreement whereby Wells Fargo agreed to release the Surety Collateral to U.S. Bank. However, Wells Fargo, and not any order of this Court or state or federal law, appears to "require" the Trustee to sign a

---

[4] The Trustee reserves all rights to serve discovery on U.S. Bank with respect to the Motion and to supplement this

Turnover Direction, presumably in an abundance of caution to protect itself from any liability. The fact that the Trustee will only sign the Turnover Direction in compliance with paragraph 11 of the Stipulation does not somehow make the Trustee in "constructive possession" of the Surety Collateral, and U.S. Bank cites no legal authority to support such a proposition. Indeed, the Trustee's execution of the Turnover Direction is not legally required; if U.S. Bank commenced a state court action and received a turnover order, the Trustee would never have to be involved with the process. It is only because an agreement to which the Trustee is not a party (but U.S. Bank is) requests the Trustee's assistance that the Turnover Direction is even at issue.

### B. U.S. Bank Refuses to Comply With Paragraph 11 of the Stipulation

9. The Stipulation contemplates a mechanism to solve the instant dispute, but U.S. Bank now refuses to comply with such construct. Paragraph 11 of the Stipulation provides that U.S. Bank

> may request that the Trustee collect, on behalf of the Agent or Lenders, any Collateral (including any Surrendered Collateral), or proceeds thereof (such Collateral, the "Collection Collateral") in a writing that specifically references this paragraph and identifies the Collection Collateral and to the extent that the Agent and the Trustee agree on the terms and conditions relating to such collection, the Trustee shall be entitled to collect the Collection Collateral in accordance with such terms and conditions.

*Stipulation*, at ¶ 11. In other words, to the extent the Trustee is required to assist with the collection of Surrendered Collateral not in his possession, U.S. Bank is required to request such assistance in writing (and with specific reference to paragraph 11), and such collection will be subject to the terms and conditions agreed to by the parties.

10. From the outset, the Trustee has been willing to sign the Turnover Direction, but only in compliance with paragraph 11 of the Stipulation and only in a manner that protects the Credit Party Debtors' estates. The Trustee has a fiduciary obligation to protect the assets of the

---

Objection in accordance therewith.

Debtors' estates. *See, e.g., In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004). U.S. Bank has provided no evidence either that the Surety Collateral is Surrendered Collateral or that any other party may claim an interest in the Surety Collateral such that the Trustee's execution of a Turnover Direction would not subject the Trustee and the Credit Party Debtors' estates to liability. Accordingly, it is eminently reasonable for the Trustee and the Credit Party Debtors' estates to receive protections as contemplated by paragraph 11 of the Stipulation in exchange for the requested (but not required) execution of the Turnover Direction.

### C. U.S. Bank is Not Entitled to Fees and Costs

11.     As set forth above, the Trustee has unequivocally not failed to comply with any Court order. Indeed, the Trustee has insisted on actual compliance with the Stipulation and Order related thereto, which U.S. Bank has refused to accept. Because the Trustee insists upon strict compliance with the Stipulation (which U.S. Bank refuses to do), to the extent any fees and costs are warranted, such fees and costs should be awarded to the Trustee, not to U.S. Bank. Accordingly, the Trustee reserves all rights to seek reimbursement of fees and costs associated with the Motion pursuant to Bankruptcy Rule 8020.

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion.

Dated: September 18, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
E-mail:  bsandler@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for George L. Miller, Chapter 7 Trustee*