# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline: March 16, 2020, at 4:00 p.m. (ET)**<br>**Hearing Date: March 26, 2020, at 3:30 p.m. (ET)** |

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND DISCOVERY FROM GOLDMAN SACHS PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby submits this motion (the "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order (the "Rule 2004 Order") substantially in the form annexed hereto as **Exhibit A**, authorizing the Trustee to issue

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

subpoenas and directing discovery from Goldman Sachs ("Goldman Sachs"). In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee seeks the entry of an order authorizing the Trustee to issue subpoenas pursuant to Bankruptcy Rules 2004 and 9016 and seek production of, among other things, documents and information generated or obtained by Goldman Sachs in connection with its ownership of and relationship to the Debtors, including but not limited to: (a) email and other communications to or from the Debtors, (b) email and other communications among Goldman Sachs personnel or representatives, (c) email and other communications to or from Providence Equity Partners and/or Leeds Equity Partnership, (d) notes, memoranda or other documents reflecting communications with the Debtors, Providence and/or Leeds Equity Partnership, (e) documents relating to the business plan, marketing efforts and/or valuation of the Debtors, and (f) other notes, memoranda or documents relating to the Debtors (collectively, the "Information").

2. If it becomes necessary, the Trustee may also seek to conduct depositions of Goldman Sachs's representatives concerning the topics covered by the Document Requests. Therefore, the Trustee requests that the Court compel Goldman Sachs to make their representatives with knowledge of the relevant facts available for depositions by the Trust on fifteen (15) days written notice to their counsel.

3. The requested discovery is necessary for the Trustee to investigate the prepetition actions taken by Goldman Sachs as one of the owners of the Debtors, as well as actions taken by others, including, but not limited to, the Debtors' directors and officers.

2

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of the Debtor's bankruptcy case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Rule 2004-1 of the Local Rules.

## BACKGROUND

**A.    Case Background**

6.  On June 29, 2018 (the "Petition Date"), each Debtor commenced with the United States Bankruptcy Court for the District of Delaware a voluntary case under chapter 7 of title 11 of Bankruptcy Code (each, individually, the "Chapter 7 Case" or collectively, the "Chapter 7 Cases").

7.  George L. Miller was appointed as the Trustee for each of the Debtors in their Chapter 7 Cases.

8.  The Art Institute of Philadelphia LLC together with its Debtor affiliates, were among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada. The Debtors were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

### Goldman Sachs Relationship to the Debtors

9.  Beginning in 2006, Goldman Sachs held a substantial ownership interest in Debtor Education Management Corporation, the ultimate parent of the remaining Debtors.

3

10. The Trustee is investigating potential claims on behalf of the Debtors against the former owners and others, including claims arising out of the conduct at issue in litigation prosecuted in the United States District Court for the Western District of Pennsylvania captioned *United States ex rel. Lynntoya Washington v. Education Management LLC, et al.*, Civil Action No. 07-461, *United States ex rel. Jason Sobek v. Education Management LLC, et al.*, Civil Action No. 10-131, and *United States of America ex rel. Michael Laukaitis, et al. v. The Art Institute Online, Inc. and Education Management Corp.*, Civil Action No. 11-601, as well as investigations by state attorneys general that resulted in the entry of consent judgments against certain Debtors in various state courts in or around November 2015.

## RELIEF REQUESTED

11. The Trustee seeks to examine the Information regarding the Debtors that are in Goldman Sachs's possession, custody and control to determine the nature and extent of any causes of action or claims that may exist on behalf of the Debtors' estates.

12. By this Motion, the Trustee seeks entry of an order authorizing the Trustee to issue such subpoenas as may be necessary to compel access to the Information and directing Goldman Sachs to produce documents responsive to the requests set forth in **Exhibit B** (the "Document Requests") attached to this Motion. The Trustee further requests that responses to the Document Requests be delivered to Colin R. Robinson, Esq., Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington DE 19801 within ten (10) days after entry of an order granting this Motion or at such other place and time as may be agreed upon by the parties.

## BASIS FOR RELIEF

13. Bankruptcy Rule 2004 provides that the Court may order the examination and the production of documentary evidence of "any entity" concerning any matter that relates

4

"to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); *see also Harrow v. Street (In re Fruehauf Trailer Corp.)*, 369 B.R. 817, 827-28 (Bankr. D. Del. 2007) (noting the "extensive document discovery" that occurred pursuant to a subpoena issued under Fed. R. Bankr. P. 2004). The term "entity" includes individuals, partnerships and corporations. *See* 11 U.S.C. §§ 101(15) and (41).

14.  The scope of a Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008). Indeed, Bankruptcy Rule 2004 affords parties-in-interest an extremely broad right of discovery and "is even broader than that of discovery permitted under [the Federal Rules of Civil Procedure], which themselves contemplate broad, easy access to discovery." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted). *See also In re Teleglobe Communications Corp.*, 493 F.3d 345, 354 n. 6 (3rd Cir. 2007) (Rule 2004 allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate); *In re Washington Mutual*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (a "Rule 2004 [examination] is commonly recognized as more in the nature of a 'fishing expedition'") (citations omitted).

15.  In addition, the Court may order Goldman Sachs to designate informed persons to testify on their behalf regarding the assets. *See e.g., In re Analytical Sys., Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987) ("The application of the discovery device of Bankruptcy Rule 7030 (Fed.R.Civ.P. 30, for a corporation to designate and inform persons to testify on its behalf to Bankruptcy Rule 2004 examinations is both consistent with and assists in the accomplishment of expeditious administration.").

DOCS_DE:227392.3 57092/001

16.  Plainly, the broad access afforded by Rule 2004 extends to third parties such as Goldman Sachs that have information relating to the financial affairs of the Debtors, and other actions taken on behalf of the Debtors, including information held by their former owners. *See e.g., In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (Bankruptcy Rule 2004 examination "may extend to creditors and third parties who have had dealings with the debtor"). This is because "[t]he clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

17.  In this case, an order pursuant to Rule 2004 is both appropriate and necessary. The Trustee seeks to obtain the Information from Goldman Sachs to evaluate whether the Debtors' estates have viable causes of action related to activities that preceded and precipitated the Debtors' eventual bankruptcy filings. This inquiry falls squarely within the permissible scope of discovery under Bankruptcy Rule 2004. The Trustee is entitled to investigate the prepetition activities related to the ownership of the Debtors and whether the Debtors may have claims against third parties, including, but not limited to, the former owners. Accordingly, issuance of subpoenas to access the Information is necessary for the Trustee to obtain the discovery he seeks.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

18.  Attached hereto as **Exhibit C** is a certification of Colin R. Robinson, counsel to the Trustee, demonstrating compliance with Local Rule 2004-1, and stating that prior to the filing of this Motion, co-counsel for the Trustee conferred with counsel for Goldman Sachs with respect to the subject matter of this Motion and no agreement was reached.

## **NOTICE**

19. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Goldman Sachs; and (c) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank.]*

## NO PRIOR REQUEST

No prior request for the relief requested herein has been presented to this or any other court.

Dated: March 9, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       bsandler@pszjlaw.com
             crobinson@pszjlaw.com

Counsel to George L. Miller, Chapter 7 Trustee