# EXHIBIT B

# DOCUMENT REQUESTS

## DEFINITIONS

1. "Debtors" means, collectively or individually, the debtor entities referenced in the caption of the Trustee's *Motion for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Discovery from Goldman Sachs Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1.*

2. "Books and Records" means books, records, files, documentation, ESI, manuals and other materials or similar information, including financial and accounting records; sales literature and promotional materials; price lists; student, prospective student and service provider lists; referral sources; and purchasing materials and records.

3. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including but not limited to correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies, seminars, conferences, messages, notes, e-mails and memoranda. The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of "Communication(s)."

4. "Concerning" or "concerning" shall man relating to, referring to, in connection with, in respect of, describing, evidencing, or constituting.

5. "Document(s)" shall include electronically stored information ("ESI") and is used in its customary broad sense. It shall not be limited in any way with respect to the process by which any Document was created, generated, or reproduced, or with respect to the medium in which the Document is embodied; and shall include, by way of example and without any limitation, all "documents," "electronically stored information," or" tangible thing" as contained in Rule 34 of the Federal Rules of Civil Procedure, as well as all "writings," "recordings," and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence, and any kind of

tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether in writing, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered. Documents further include, without limitation, materials maintained in electronic, magnetic or other storage media, including those maintained in computers, electronic or magnetic tapes or diskettes, and any on-site or off-site backup or so-called "erased" or "deleted" computer information that may be susceptible to retrieval.

6. "Goldman Sachs" means, collectively, any and all groups, arms and/or divisions of the Goldman Sachs Group, Inc., including but not limited to Goldman Sachs Capital Partners.

7. "Person" means any individual, corporation, partnership, joint venture, association, limited liability company, governmental agency, or other entity.

8. "You" or "Your" means Goldman Sachs and any and all affiliates, including any parents, subsidiaries, or predecessors-in-interest, and any and all employees, agents, or anyone acting on Your behalf.

9. For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

## INSTRUCTIONS

Rules 26-37 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 7026-7037 of the Federal Rules of Bankruptcy Procedure, are hereby incorporated by reference and apply to each of the following instructions:

1. All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

3

2. Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3. You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5. Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

 (a) Identify the type, title and subject matter of the Document;

 (b) State the place, date, and manner of preparation of the Document;

 (c) Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

 (d) Identify the legal privilege(s) and the factual basis for the claim.

9. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10. To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed

of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1. All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the".dat file" as described below.

2. <u>Database load files and production media structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to a Protective Order or Confidentiality Agreement between You and the Debtors, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.  <u>Electronic Documents and data, generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Debtors, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.  <u>Emails and attachments, and other email account-related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Debtors.

5.  <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and

7

accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Debtors to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

(a)    XML format file(s);

(b)    Microsoft SQL database(s);

(c)    Access database(s); and/or

(d)    fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image

8

files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents in Your possession or under Your control related to and/or concerning the Debtors from January 1, 2006 to the present.

2. All documents in Your possession or under Your control you received from Debtors.

3. All Communications to or from the Debtors.

4. All Communications to or from Providence Equity Partnership and/or Leeds Equity Partnership regarding the Debtors.

5. Notes, memoranda or other documents reflecting communications with the Debtors, Goldman Sachs and/or Providence Equity Partners regarding Debtors

6. All Documents and Communications concerning the business plan, marketing efforts and/or valuation of the Debtors.

7. All Documents and Communications concerning the litigation prosecuted in the United States District Court for the Western District of Pennsylvania *captioned United States ex rel. Lynntoya Washington v. Education Management LLC, et al.*, Civil Action No. 07-461, and/or the conduct at issue in that litigation.

8. All Documents and Communications concerning the litigation prosecuted in the United States District Court for the Western District of Pennsylvania captioned *United States ex rel. Jason Sobek v. Education Management LLC, et al.*, Civil Action No. 10-131, and/or the conduct at issue in that litigation.

9. All Documents and Communications concerning the litigation prosecuted in the United States District Court for the Western District of Pennsylvania *captioned United States ex rel. Michael Laukitis v. The Art Institute Online, Inc. and Education Management Corporation, et al.*, Civil Action No. 11-601, and/or the conduct at issue in that litigation.

10. All Documents and Communications concerning the investigations and litigation by state attorney generals resulting in the entry of consent judgments against certain Debtors in various state courts in or around November 2015, and/or the conduct at issue in those investigations and litigation.

11. All minutes of meetings of any of the boards of directors of the Debtors, or any committees thereof that are in Your possession, custody and control.

12. All corporate resolutions of the Debtors that are in Your possession, custody and control.

13. All minutes of meetings and/or resolutions of any subcommittee, council, or group that is a part of the Debtors that are in your possession, custody and control.

14. To the extent not provided pursuant to the foregoing Requests, all Documents and Communications concerning any minutes of meetings of the Debtors.