## EXHIBIT C

## COMPLIANCE CERTIFICATE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF<br>PHILADELPHIA LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>Jointly Administered |

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1 IN CONNECTION WITH CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND DISCOVERY FROM GOLDMAN SACHS PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1

I, Colin R. Robinson, hereby certify as follows:

1. I submit this certification as counsel to George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors, in accordance with Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in connection with the above-captioned motion (the "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

2. Prior to the filing of the Motion, I am informed by co-counsel to the Trustee, Kaufman Coren & Ress LLP ("KCR"), of the following attempts to confer with counsel to Goldman Sachs, the proposed examinee in the Motion:

    a. On January 30, 2020, KCR sent a letter (the "January 30 Letter") to Goldman Sachs requesting the information set forth in the Motion.

    b. After multiple communications via email and telephone, no substantive response was provided by Goldman Sachs.

    c. On March 5, 2020, an attorney at KCR spoke with in-house counsel for Goldman Sachs and advised that the Motion would be filed.

    d. During the March 5, 2020 meet and confer, no agreement was reached on the production of the documents requested in the January 30 Letter.

These various efforts did not produce an agreement for the production of the requested documents, let alone a mutually agreeable date, time, place and scope for such production. Accordingly, in the absence of any agreement for production of the requested information, the Trustee has filed the foregoing Motion.

Dated: March 9, 2020

                                               By: */s/ Colin R. Robinson*
                                                    Colin R. Robinson

DOCS_DE:227392.3 57092/001