# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*[1] | Case No. 18-11535 (LSS) |
| | Jointly Administered |
| Debtors. | **REF. DOCKET NO. 160** |

## STIPULATED ORDER APPROVING STIPULATION BY AND BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE AND OFFICE OF ATTORNEY GENERAL MAURA HEALEY OF THE COMMONWEALTH OF MASSACHUSETTS

Upon consideration of the *Certification of Counsel Regarding Stipulation by and between George L. Miller, Chapter 7 Trustee and Office of Attorney General Maura Healey of the Commonwealth of Massachusetts* (the "Certification of Counsel")[2] filed by George L. Miller, as

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558);Western State University of Southern California (3875).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Stipulation.

chapter 7 trustee of the Debtors (in such capacity, the "Trustee"); and upon consideration of the

stipulation (the "Stipulation") attached hereto as **Exhibit 1**; and the Court having determined that

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28

U.S.C. § 157(b), and (iv) notice was sufficient under the circumstances; and after due deliberation;

and good and adequate cause appearing therefore:

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:**

      1.      The Stipulation attached hereto as Exhibit 1 is APPROVED.

      2.      The Stipulation and this Order shall be binding upon the Parties, shall be

effective immediately, and shall not be subject to any stay under the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedures, the Local Rules, or otherwise.

      3.      This Court shall retain jurisdiction over all matters arising from or related

to the implementation of the Stipulation or this Order.

**Dated: May 14th, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

2

DOCS_DE:233482.3 57092/001