**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF<br>PHILADELPHIA LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline: August 10, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: August 17, 2021 at 10:00 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT
AGREEMENT WITH DREAM CENTER FOUNDATION**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), hereby submits this motion (the "Motion") under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a Settlement Agreement and Mutual Releases (the "Settlement Agreement")[2] between the Trustee and Dream Center Foundation ("Dream Center Foundation" or "DCF" and together with the Trustee, the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

"Parties"). A copy of the Settlement Agreement is attached to the proposed form of order as Exhibit 1. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of the Debtor's bankruptcy case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Rule 2004-1 of the Local Rules.

## BACKGROUND

**A.     Case Background**

3. On June 29, 2018 (the "Petition Date"), each Debtor commenced with the United States Bankruptcy Court for the District of Delaware a voluntary case under chapter 7 of title 11 of Bankruptcy Code (each, individually, the "Chapter 7 Case" or collectively, the "Chapter 7 Cases").

4. George L. Miller was appointed as the Trustee for each of the Debtors in their Chapter 7 Cases.

5. The Art Institute of Philadelphia LLC together with its Debtor affiliates, were among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada. The Debtors were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

**B.    The Receivership Case**

6. On January 8, 2019, Digital Media Solutions, LLC ("Digital Media") filed a receivership Complaint against South University of Ohio, LLC, a/k/a DC South University of Ohio, LLC, d/b/a South University, DCEH, and Argosy Education Group, LLC, in the United States District Court, Northern District of Ohio ("Court"), Case No. 1:19-cv-00145, thereby initiating the receivership case ("Receivership," "Receivership Estate," or "Receivership Case").

7. The "Receivership Entities" in the Receivership Case consist of entities that were purchased from the Debtors prior to the Petition Date pursuant to that certain Asset Purchase Agreement (the "Purchase Agreement") with DCEH and its parent DCF, a not for profit entity, and certain of DCEH's newly formed subsidiaries (collectively with DCF and DCEH, the "DCEH Buyers").  Mark E. Dottore is the duly appointed and acting receiver (the "Receiver") for the Receivership Entities.

8. On October 15, 2018, prior to the Receiver's appointment, Dream Center Educational Holdings ("DCEH"), one of the Receivership Entities, filed proofs of claim 36-1 (the "DCEH Unliquidated Claim") and 86-1 (the "DCEH Purchase Agreement Claim", together, the "DCEH Claims") against the Debtors in the Chapter 7 Cases.

9. The DCEH Claims assert claims against the Debtors' estates but also acknowledge that the Debtors have claims against the Receivership Entities arising from the Purchase Agreement.

10. DCF filed proofs of claim in the Bankruptcy Cases, including, but not limited to, Claim 83-1, Claim 84-1, Claim 156-1, Claim 158-1, Claim 108-1 and Claim 109-1 (collectively, the "DCF Claims").

11. The Receiver filed in the Receivership Case a *Motion For Entry of Order (1) Approving Global Settlement and Compromise Among Receiver and all Insureds Under the*

3

*PortfolioSelect For Non-Profit Organizations Liability Insurance Policy; (2)Approving Payment of Defense Costs; and (3) Barring and Prohibiting Parties From Asserting Claims* ("Global Settlement Motion").  The Global Settlement Motion includes a general release of certain parties, including, but not limited to, DCF.  The Trustee and Receiver reached agreement on language in the order approving the Global Settlement Motion (the "Bar Order") that would preserve their respective claims against each other's respective estates while allowing the release of certain other insured, released parties.  To resolve the Trustee's objection to the release of DCF pursuant to the Bar Order, DCF agreed to withdraw its claims in the Debtors' cases and the Trustee agreed to withdraw his objection to the Global Settlement Motion as it relates to DCF.

## Summary of the Settlement Agreement [3]

1. As set forth in the attached the Settlement Agreement, the primary terms are as follows:

    a. Withdrawal of Trustee Objection.  The Trustee shall withdraw, with prejudice, his objection to the Global Settlement Motion.

    b. Withdrawal of DCF Claims.  Upon Court approval of the Settlement Agreement and entry of a final order, DCF shall withdraw, with prejudice all of the DCF Claims filed in the Bankruptcy Cases.

    c. The Parties will also exchange mutual releases.

## Relief Requested

2. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreement, which, as stated above, is attached as Exhibit 1 to the proposed form of order.

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

4

**Basis for Relief Requested**

3.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

4.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

5.       In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

6.       When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness."  *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession.  *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996).  The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate."  *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities."  *World Health*, 344 B.R. at 296 (internal citations omitted).

7.       The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The Settlement Agreement is the product of good-faith discussions and

arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreement is in the best interests of the Debtors' estates.

8. First, the Settlement Agreement resolves potential costly litigation over the Global Settlement Agreement as it relates to the release of DCF, the result of which would be uncertain and could result in significant administrative costs to pursue. Instead, the matter is resolved. Second, DCF has agreed to release any and all claims filed in the Debtors' cases that asserts claims in the millions of dollars. Finally, the Parties will exchange releases.

9. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

10. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreement provides for, among other terms, a release and waiver of potential claims by DCF against the Debtors' estates, as set forth in the Settlement Agreement. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third

7

party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

## **Notice**

11. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Receiver; (c) DCF; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank.]*

|  |  |
|---|---|
| Dated: July 27, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
|  | */s/  Colin R. Robinson* |
|  | Bradford J. Sandler (DE Bar No. 4142) |
|  | Colin R. Robinson (DE Bar No. 5524) |
|  | 919 N. Market Street, 17th Floor |
|  | P O Box 8705 |
|  | Wilmington, DE  19899 (Courier 19801) |
|  | Telephone:  (302) 652-4100 |
|  | Facsimile:   (302) 652-4400 |
|  | Email:      bsandler@pszjlaw.com |
|  |                    crobinson@pszjlaw.com |
|  |  |
|  | Counsel to George L. Miller, Chapter 7 Trustee |