# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This SETTLEMENT AGREEMENT AND MUTUAL RELEASES, ("Agreement"), is made and entered into this 27th day of July, 2021 by and among Dream Center Foundation, a California religious non-profit corporation ("DCF") and George L. Miller, solely in his capacity as chapter 7 trustee (the "Trustee") to the estates of the debtors listed herein[1] (collectively, the "Debtors"). DCF and Trustee are hereinafter collectively referred to as the "Parties." Each of the Parties may also be referred to hereinafter in the singular as a "Party." With the intent of being legally bound, the Parties hereby represent and agree as follows:

## RECITALS

A. DCF, through Dream Center Education Holdings, LLC ("DCEH") and its wholly owned subsidiaries, entered into an Asset Purchase Agreement and related

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

181210.1

amendments, regarding the purchase of several secondary school systems with the Debtors ("APA").

B. On June 29, 2018, the Debtors thereafter filed chapter 7 bankruptcy proceedings in the United States Bankruptcy Court, District of Delaware. The Debtors and their respective Case Numbers are set forth on Exhibit A attached hereto (collectively, the "Bankruptcy Cases").

C. On January 8, 2019, Digital Media Solutions, LLC ("Digital Media") filed a receivership Complaint against South University of Ohio, LLC, a/k/a DC South University of Ohio, LLC, d/b/a South University, DCEH, and Argosy Education Group, LLC, in the United States District Court, Northern District of Ohio ("Court"), Case No. 1:19-cv-00145, thereby initiating the receivership case ("Receivership," "Receivership Estate," or "Receivership Case").

D. The "Receivership Entities" in the Receivership Case include (i) South University of Ohio LLC; (ii) Dream Center Education Holdings, LLC; (iii) The DC Art Institute of Raleigh-Durham LLC; (iv) the DC Art Institute of Charlotte LLC; (v) DC Art Institute of Charleston, LLC; (vi) DC Art Institute of Washington LLC; (vii) The Art Institute of Tennessee - Nashville LLC; (viii) AiTN Restaurant LLC; (ix) The Art Institute of Colorado LLC; (x) DC Art Institute of Phoenix LLC; (xi) The Art Institute of Portland LLC; (xii) The Art Institute of Seattle LLC; (xiii) The Art Institute of Pittsburgh, DC LLC; (xiv) The Art Institute of Philadelphia, DC, LLC; (xv) DC Art Institute of Fort Lauderdale LLC; (xvi) The Illinois Institute of Art LLC; (xvii) The Art Institute of Michigan LLC; (xviii) The Illinois Institute of Art at Schaumberg LLC; (xix) DC Art Institute of Phoenix, LLC, and its direct subsidiaries (xx) the Art Institute of Las Vegas LLC; (xxi) the Art Institute of Indianapolis, LLC; (xxii) AiIN Restaurant LLC; (xxiii) Dream Center Argosy; (xxiv) University of California LLC, and its direct subsidiaries; (xxv) Argosy Education Group LLC; (xxvi) Dream Center Education Management LLC; and (xxvii) South University of Michigan LLC. See Order Appointing Receiver ("Initial Receiver Order") [ECF No. 8] at 3-4; see also Order Clarifying Order Appointing Receiver ("Clarifying Receiver Order") [ECF No. 14] at 1 (removing AU Student Funding, LLC as a receivership entity) ("Receivership Entities").

E. DCF filed proofs of claim in the Bankruptcy Cases, including, but not limited to, Claim 83-1, Claim 84-1, Claim 156-1, Claim 158-1, Claim 108-1 and Claim 109-1 (collectively, the "DCF Claims").[2]

F. The Receiver filed in the Receivership Case a *Motion For Entry of Order (1) Approving Global Settlement and Compromise Among Reciver and all Insureds Under the PortfolioSelect For Non-Profit Organizations Liability Insurance Policy; (2)Approving Payment of Defense Costs; and (3) Barring and Prohibiting Parties From Asserting Claims* ("Global Settlement Motion").

---

[2] For the avoidance of doubt, the DCF Claims shall include any and all proofs of claim filed in the Bankruptcy Cases by DCF.

G.   Trustee filed an Objection to the Global Settlement Motion (Doc #694) (the "Trustee Objection").

H.   DCF and Trustee have reached a resolution of issues between them such that DCF shall withdraw, with prejudice all of the DCF Claims filed in the Bankruptcy Cases and the Trustee shall withdraw, with prejudice, the Trustee Objection to the Global Settlement Motion as it relates to DCF in accordance with the terms and conditions set forth in this Settlement Agreement.

I.   The Parties desire to fully resolve, compromise and settle all claims, disputes, and differences now or hereafter existing between them arising out of or related to the APA and the DCF Claims and the Trustee Objection.

## AGREEMENT

NOW, THEREFORE, in consideration of the aforementioned Recitals, which are hereby incorporated into this Agreement by this reference, and the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, THE PARTIES HEREBY AGREE AS FOLLOWS:

**1.   Effectiveness of Settlement Agreement.**

The terms and conditions of this Settlement Agreement shall be in full force and effect upon entry of an order by the Bankruptcy Court in the Bankruptcy Cases approving the Settlement Agreement (the "Effective Date").

**2.   DCF Withdrawl of Claims.**

Within ten (10) days of the Effective Date, DCF shall withdraw with prejudice the DCF Claims in the Bankruptcy Cases.

**3.   Trustee Withdrawl of Objection.**

Within ten (10) days of the Effective Date, Trustee shall withdraw with prejudice the Trustee Objection in the Receivership Case.

**4.   Disclaimer Regarding Liability.**

This Agreement effects the settlement of claims, present and possible, which are denied and contested, and this Agreement shall not be asserted or construed to be an admission of any kind or an acknowledgment of the validity or invalidity of any of the claims or possible defenses that were and/or could have been asserted by any Party against any other Party. This Agreement may be introduced, however, in any suit or proceeding to enforce this Agreement or the rights or obligations of any Party hereunder. It is understood and agreed this Agreement is not an express or implied admission of misconduct, responsibility or liability on the part of any Party, and that the Parties expressly and specifically deny that they have any such liability. The Parties are entering into this Agreement in order to compromise disputed claims so that the Parties may forever avoid the expense, uncertainties, and hazards of litigation

6. **Releases**

    a.    <u>General Release By Trustee and the Debtors</u>. Except for the obligations and covenants provided herein, and in consideration for entering into this Agreement, Trustee, on behalf of himself and solely in his capacity as chapter 7 trustee of the Debtors and the Debtors' past, present, and future partners, shareholders, members, officers, directors, attorneys, principals, employees, agents, representatives, family members, affiliates, successors and assigns, heirs, affiliated persons and entities, related entities, predecessors, and the respective heirs, executors, trustees, administrators, successors and assigns of any such persons and entities, and each of them (collectively, the "Trustee Releasing Parties"), hereby generally relieves, releases and forever discharges DCF and each of their past, present, and future employees, agents, principals, affiliates, representatives, officers, directors, members, partners, shareholders, family members, heirs, successors, predecessors, assigns, parents, related entities, attorneys, consultants, accountants and the respective heirs, executors, trustees, administrators, successors and assigns of any such persons and entities, and each of them ("DCF Released Parties"), of any and all claims, including but not limited to demands, liabilities, obligations, suits, damages, rights, debts, dues, sums of money, accounts, reckonings, judgments, acts, agreements, costs and expenses (including but not limited to attorneys' fees and litigation expenses), and actions and causes of action of any kind or nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, derivative, or individual in nature, whether in contract, tort or otherwise, including, but not limited to, any claims related to or arising out of the APA, the Trustee Objection and anything relating to or arising out of the transactions between the DCF Released Parties and the Debtors (collectively, the "Trustee General Release Claims").

    b.    <u>General Release By DCF</u>. Except for the obligations and covenants provided herein, and in consideration for entering into this Agreement, DCF, on behalf of itself and his past, present, and future partners, shareholders, members, officers, directors, attorneys, principals, employees, agents, representatives, family members, successors and assigns, heirs, affiliated persons, predecessors, and the respective heirs, executors, trustees, administrators, successors and assigns of any such persons and entities, and each of them (collectively, the "DCF Releasing Parties"), hereby generally relieves, releases and forever discharges the Trustee and the Debtors and each of their past, present, and future employees, agents, principals, affiliates, representatives, officers, directors, members, partners, shareholders, family members, heirs, successors, predecessors, assigns, parents, subsidiaries and affiliated persons and entities, related entities, attorneys, consultants, accountants and the respective heirs, executors, trustees, administrators, successors and assigns of any such persons and entities, and each of them ("Trustee Released Parties"), of any and all claims, including but not limited to demands, liabilities, obligations, suits, damages rights, debts, dues, sums of money, accounts, reckonings, judgments, acts, agreements, costs and expenses (including but not limited to attorneys' fees and litigation expenses), and actions and causes of action of any kind or nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or

contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, derivative, or individual in nature, whether in contract, tort or otherwise, including, but not limited to, any claims related to or arising out of the APA, the DCF Claims and anything relating to or arising out of the transactions between the DCF Released Parties and the Debtors (collectively, the "DCF General Release Claims").

### 7. Waiver Under Section 1542 of the California Civil Code

It is the intention of the Parties in executing this Agreement and in giving and accepting the consideration referred to above, that this Agreement shall be effective as a full and final accord and satisfaction and release of each and every matter set forth in Paragraph 6 above. Each of the Parties has been informed by its attorneys about California Civil Code Section 1542, and any other similar statute under Delaware or Ohio law, and the Parties acknowledge that they are familiar with and hereby expressly waive the provisions of that section, and any similar statute, code, law, or regulation of the United States or any state within the United States, with respect (and as applicable) to the matters released herein, to the fullest extent that such rights and benefits may be waived. California Civil Code Section 1542 provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

In connection with this waiver and relinquishment, the Parties each intend, understand, agree and acknowledge that this Agreement may extend to matters which have not yet been discovered, and that such possibility has been explicitly considered in determining the legal consideration to be given for the Agreement and in entering into the releases herein. In connection therewith, the Parties each expressly assume the risk of any mistake of fact or law, and the risk that the true facts may turn to be other than, or different from, the facts now known or believed to exist. Nevertheless, it is the mutual intention of each of them, through this Agreement, to fully, finally and forever to settle and release all such matters and all claims relative thereto.

### 8. Finality of Releases

The Parties hereby acknowledge and agree that their intention, through this Agreement and the releases set forth herein, to settle the dispute and to release one another and one another's employees, agents, principals, representatives, officers, directors, members, partners, shareholders, family members, heirs, successors, predecessors, assigns, parents, affiliated persons, related entities, attorneys, consultants, accountants and the respective heirs, executors, trustees, administrators, successors and assigns of any such persons and entities fully, finally, forever and irrevocably from all those matters released in Paragraph 6, above, and all Trustee Released Claims and the

DCF Released Claims which do now exist, may exist or heretofore have existed or hereafter may exist. This Agreement and the releases contained herein are intended to be final and binding as to the Trustee Releasing Parties and the DCF Releasing Parties and to be effective as a full and final accord and satisfaction between them as to the matters released in Paragraph 6 above.

Each of the Parties relies upon the finality of this Agreement and the releases herein as a material factor inducing such Party's execution of this Agreement. The Parties expressly intend that this Agreement and the releases contained herein shall be binding on and for the benefit of any assigns and/or successors in interest to them.

9. **Limitation to Releases.**

Notwithstanding any other provision of this Agreement, the releases set forth herein do not extend to any claims between the Trustee and the Debtors and the Receiver and the Receivership Entities and all such claims are expressly reserved.

10. **Fees and Costs**

Each Party to this Agreement shall bear his, her, and its own attorneys' fees, costs, and expenses in connection with the Agreement.

11. **Representations, Warranties, and Covenants**

    a. Each Party has carefully read and reviewed this Agreement and understands it fully, and each Party has reviewed the terms of this Agreement with one or more attorneys of the Party's choice prior to executing this Agreement. The Parties further warrant, represent and agree that, in executing this Agreement, they do so with full knowledge of any and all rights which they may have as against each other arising out of the controversies herein compromised and that the parties have received independent legal advice from their attorneys with regard to the facts related to said controversies and with respect to the rights asserted arising out of said facts.

    b. It is agreed and understood by Parties that they are not required to settle this matter at this time. The Parties are voluntarily choosing to finally resolve the claims in the matter at this time by entering into this Agreement. Each Party specifically does not rely upon any statement, representation, legal opinion, accounting opinion or promise of any other Party, except as expressly stated in this Agreement. Each Party has made such investigation of the law and the facts pertaining to this settlement and this Agreement, and of all the matters pertaining thereto, as it deems necessary. This Agreement has been read by, the contents hereof are known and understood by, and it is signed freely by, each person executing this Agreement.

    c. Each Party agrees to perform all further acts and to execute and deliver all further documents reasonably necessary to or in furtherance of the intent and purposes of this Agreement without demand for further consideration. Each Party hereto agrees that it will not, either directly or indirectly, take any action that would interfere

with the performance of this Agreement by any other Party hereto, or which would adversely affect any of the rights provided for herein.

        d.     Each person executing this Agreement warrants that he, she or it has the authority to execute this Agreement on behalf of the Party on whose behalf said person is purporting to execute it and each corporate Party hereto represents and warrants that the execution and delivery of this Agreement has been duly authorized and approved.

        e.     This Agreement is intended to be final and binding between and among the Trustee Releasing Parties and the DCF Releasing Parties and to inure to the benefit of, the Parties, including but not limited to their heirs, executors, personal representatives, attorneys, insurers, accountants and successors and assigns as provided for in Paragraphs 6 above, and is further intended to be effective as a full and final accord and satisfaction between and among the Parties regardless of any claims of fraud, misrepresentation, concealment of fact, mistake of fact or law, breach of fiduciary duty or any other claims or circumstances which have occurred as of the date first set forth herein above. Each Party relies on the finality of this Agreement as a material factor inducing that Party's execution of this Agreement.

**12.**     **No Assignment**

Each of the Parties warrants and represents to the other Parties that it, she, or he has the authority to enter into this Agreement, has the right to release each of the claims, causes of action, and rights that are the subject of, and are being released by it, she, or he in this Agreement, and has not heretofore assigned, encumbered, hypothecated or transferred or purported to assign, encumber, hypothecate or transfer, to any other person or entity in any manner, including by way of subrogation, any claim, demand, right or cause of action released herein or relating thereto, in whole or in part.

**13.**     **No Waiver**

No breach of this Agreement or any provision herein can be waived except by an express written waiver executed by the Party waiving such breach, which waiver shall be effective only as to the Party who executed the waiver. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. This Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by all the executing Parties hereto or by their authorized representatives

**14.**     **Miscellaneous Provisions**

        a.     <u>Counterparts: Facsimile, Electronic Mail, or .PDF</u>.  This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery, and said counterparts together shall constitute one and the same Agreement. True and correct facsimile, electronic mail, or .pdf copies of signed counterparts shall be deemed originals for any purpose.

    b.  <u>Headings and Recitals</u>. The headings in this Agreement are inserted for convenience as a matter of convenience and for reference, and in no way define, limit, extend or otherwise describe the scope or intent of this Agreement or any provision hereof and shall not effect in any way the meaning of interpretation of this Agreement. The recitals contained herein are incorporated in and are a part of this Agreement, and (unlike headings) are not inserted as a matter of convenience or simply for reference.

    c.  <u>Entirety and Amendments</u>. This Agreement constitutes the full and final agreement among the Parties with respect to the subject matter hereof and shall not be modified or amended in any respect except by written instrument expressing such amendment or modification signed by each and all of the Parties. The Parties warrant, promise, and represent that in executing this Agreement they are not relying upon any oral representation, promise, or statement, or representation made by each other and contained in any other written instrument. This Agreement supersedes and replaces all other prior writings, settlement communications, stipulations and/or agreements entered into by the Parties.

    d.  <u>Severability</u>. The Parties each covenant and agree that in the event that any provision of this Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal or unenforceable in any respect, the remaining portions thereof and provisions hereof shall nevertheless remain in full force and effect as if such void, voidable or unenforceable provision had never been contained herein.

    e.  <u>No Prevailing Party</u>. The Parties agree that this Agreement reflects a compromise by the Parties hereto as to disputed claims, and no Party to this Agreement shall be considered a "prevailing party".

    f.  <u>Construction and Interpretation</u>. This Agreement is a product of negotiation among the Parties and is not to be interpreted more strongly in favor of or against any Party in any later interpretation or enforcement on the basis of such Party's degree of participation in the drafting of the Agreement. Any rule of law, including but not limited to California <u>Civil Code</u> section 1654, which could require interpretation of any ambiguities against the draftsperson is inapplicable and is hereby waived. This Agreement shall be deemed to be drafted by each of the Parties. No provision of this Agreement shall be interpreted for or against any Party because that Party or its attorney drafted that provision.

    g.  <u>Survival of Representations and Warranties</u>. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, are material and have been or will be relied upon by the Parties, notwithstanding any investigation made by the Parties or on behalf of them.

    h.  <u>Binding Effect</u>. This Agreement, and all of its terms and conditions, shall inure to the benefit of the Parties and their respective shareholders, officers, directors, successors, employees, agents, representatives, heirs, assigns and insurers.

### 15. Attorneys' Fees and Costs

Each Party to this Agreement shall bear his, her, and its own attorneys' fees, costs, and expenses in connection with the Action and Agreement. However, in the event of litigation arising out of or in connection with or concerning this Agreement, including litigation stemming from the breach of this Agreement, the prevailing party shall be entitled to recover all costs and reasonable attorney's fees incurred in that litigation.

### 16. Court Retains Jurisdiction

The Parties expressly and mutually agree that this Agreement that the Receivership Court shall retain jurisdiction over the Parties to enforce the terms of this Agreement.

### 17. Covenant Not to Sue

The Parties hereto covenant and agree not to file any actions or assert any claims or causes of action in any forum against one another arising out of or relating to the matters released and discharged under this Agreement.

### 18. No Rescission

This Agreement may not be rescinded. The Parties, and each of them, hereby expressly waive any right to rescind the Agreement for any reasons whatsoever.

### 23. Notice

Whenever written notice is given by a Party under the terms of this Agreement, said notice shall be provided by e-mail, or other mutually agreed upon equivalent electronic means, and by U.S. mail, to all of the following persons. Notice shall be deemed sufficient if sent to the following addresses, or such other address as designated in writing by a Party:

Trustee:

    PACHULSKI STANG ZIEHL &
    JONES LLP
    Bradford J. Sandler
    Colin R. Robinson
    919 N. Market Street, 17th Floor
    Wilmington, DE 19899
    bsandler@pszjlaw.com

crobinson@pszjlaw.com

DCF:

    c/o David T. Stowell
    dstowell@szrlaw.com
    STOWELL, ZEILENGA, RUTH,
    VAUGHN, & TREIGER LLP
    4590 East Thousand Oaks Boulevard
    Suite 100
    Westlake Village, California 91326

**BY SIGNING BELOW, THE PARTIES ACKNOWLEDGE THAT THEY HAVE THOROUGHLY READ THIS AGREEMENT. THEY ALSO ACKNOWLEDGE THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL ABOUT THIS AGREEMENT PRIOR TO EXECUTING IT, THAT THEY HAVE FREELY AND VOLUNTARILY ENTERED INTO THIS AGREEMENT WITHOUT COERCION OF ANY KIND, AND THAT THEY FULLY UNDERSTAND ALL OF THE PROVISIONS OF THIS AGREEMENT.**

In WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

DATED: July ?, 2021      **"THE CHAPTER 7 TRUSTEE"**

By: _/s/ George L. Miller_
George L. Miller, solely in his capacity as Chapter 7 Trustee for the Debtors, and not in any individual or other capacity

DATED: July , 2021      **"DCF"**

By: _____
Edward Duran, CFO

181210.1

DOCS_DE:235229.2 57092/001

# EXHIBIT A

|     | Case Number | Debtor |
| --- | --- | --- |
| 1   | 18-11494 | Education Management II LLC |
| 2   | 18-11495 | American Education Centers, Inc. |
| 3   | 18-11496 | Argosy Education Group, Inc. |
| 4   | 18-11497 | Argosy University of California LLC |
| 5   | 18-11498 | Brown Mackie College - Tucson, Inc. |
| 6   | 18-11499 | Education Finance III LLC |
| 7   | 18-11500 | Education Management Corporation |
| 8   | 18-11501 | Education Management Holdings II LLC |
| 9   | 18-11502 | Education Management LLC |
| 10  | 18-11503 | Higher Education Services II LLC |
| 11  | 18-11504 | Miami International University of Art & Design, Inc. |
| 12  | 18-11505 | South Education – Texas LLC |
| 13  | 18-11508 | South University of Florida, Inc. |
| 14  | 18-11509 | South University of Michigan, LLC |
| 15  | 18-11510 | South University of North Carolina LLC |
| 16  | 18-11511 | South University of Ohio LLC |
| 17  | 18-11512 | South University of Virginia, Inc. |
| 18  | 18-11514 | South University, LLC |
| 19  | 18-11515 | Stautzenberger College Education Corporation |
| 20  | 18-11516 | TAIC-San Diego, Inc. |
| 21  | 18-11517 | TAIC-San Francisco, Inc. |
| 22  | 18-11518 | The Art Institutes International Minnesota, Inc. |
| 23  | 18-11519 | The Art Institute of Atlanta, LLC |

| 24 | 18-11520 | The Art Institute of Austin, Inc. |
|---|---|---|
| 25 | 18-11521 | The Art Institute of California-Hollywood, Inc. |
| 26 | 18-11522 | The Art Institute of California-Inland Empire, Inc. |
| 27 | 18-11523 | The Art Institute of California - Los Angeles, Inc. |
| 28 | 18-11524 | The Art Institute of California-Orange County, Inc. |
| 29 | 18-11525 | The Art Institute of California-Sacramento, Inc. |
| 30 | 18-11526 | The Art Institute of Charleston, Inc. |
| 31 | 18-11527 | The Art Institute of Charlotte, LLC |
| 32 | 18-11528 | The Art Institute of Colorado, Inc. |
| 33 | 18-11529 | The Art Institute of Dallas, Inc. |
| 34 | 18-11530 | The Art Institute of Fort Lauderdale, Inc. |
| 35 | 18-11531 | The Art Institute of Houston, Inc. |
| 36 | 18-11532 | The Art Institute of Indianapolis, LLC |
| 37 | 18-11533 | The Art Institute of Las Vegas, Inc. |
| 38 | 18-11534 | The Art Institute of Michigan, Inc. |
| 39 | 18-11535 | The Art Institute of Philadelphia LLC |
| 40 | 18-11536 | The Art Institute of Pittsburgh LLC |
| 41 | 18-11537 | The Art Institute of Portland, Inc. |
| 42 | 18-11538 | The Art Institute of Raleigh-Durham, Inc. |
| 43 | 18-11539 | The Art Institute of St. Louis, Inc. |
| 44 | 18-11540 | The Art Institute of San Antonio, Inc. |
| 45 | 18-11541 | The Art Institute of Seattle, Inc. |
| 46 | 18-11542 | The Art Institute of Tampa, Inc. |
| 47 | 18-11543 | The Art Institute of Tennessee-Nashville, Inc. |
| 48 | 18-11544 | The Art Institute of Virginia Beach LLC |
| 49 | 18-11545 | The Art Institute of Washington, Inc. |

| 50 | 18-11546 | The Art Institutes International II LLC |
| --- | --- | --- |
| 51 | 18-11547 | The Illinois Institute of Art at Schaumburg, Inc. |
| 52 | 18-11548 | The Illinois Institute of Art, Inc. |
| 53 | 18-11549 | The Institute of Post-Secondary Education, Inc. |
| 54 | 18-11550 | The New England Institute of Art, LLC |
| 55 | 18-11551 | The University of Sarasota, Inc. |
| 56 | 18-11552 | Western State University of Southern California |