# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF<br>PHILADELPHIA LLC, *et al.*,[1]<br><br>                      Debtors. | Chapter 7<br><br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of The Art Institute of Philadelphia LLC *et al.*,<br>                      Plaintiff,<br>    v.<br><br>BANK OF AMERICA, N.A.,<br>                      Defendant. | Adversary No. _24-_____(CTG)_____ |

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of PostSecondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

**COMPLAINT TO (I) COMPEL TURNOVER OF PROPERTY OF THE DEBTORS' ESTATE PURSUANT TO 11 U.S.C. § 542; (II) RECOVER THE PROPERTY FOR UNJUST ENRICHMENT; (III) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(D); (IV) COMPEL AN ACCOUNTING OF THE PROPERTY; AND (V) SANCTIONS FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

George L. Miller, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estates of The Art Institute of Philadelphia LLC, The Institute of Post-Secondary Education, Inc. ("IPSE"), and their affiliated debtors (collectively, the "Debtors"), by and through his undersigned counsel, brings this adversary complaint against Bank of America, N.A. (the "Defendant" or "BoA") requesting the following relief: (i) to compel turnover of property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 542; (ii) to recover the property for unjust enrichment; (iii) to disallow all claims of the Defendant pursuant to 11 U.S.C. § 502(d); (iv) to compel an accounting of all the property at issue in this action; and (v) to impose sanctions against the Defendant for its willful violations of the automatic stay. In support of the relief requested, the Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E).

2. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4. This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and section 542 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

5. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

6. On or about June 29, 2018 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 7 of the Bankruptcy Code.

7. On or about September 19, 2018 and December 6, 2018, the Court entered orders [Case No. 18-11535, Docket Nos. 27, 73] authorizing joint administration and procedural consolidation of these cases pursuant to §§ 101(2), 105(a), and 342(c)(1) of the Bankruptcy Code, Rules 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure, and Local Rule 1015-1.

8. Plaintiff was appointed as the Trustee for each of the Debtors in these cases.

## PARTIES

9. The Trustee, the Plaintiff herein, is authorized under the Bankruptcy Code to bring this action on behalf of the Debtors' bankruptcy estate.

10. Upon information and belief, at all relevant times, Defendant is a banking institution with customers across the United States. Upon further information and belief, Defendant's principal place of business is located in Charlotte, North Carolina, but Defendant has branches throughout the United States, including Delaware. Plaintiff is informed and believes and, on that basis, alleges that Defendant is a company residing in and subject to the laws of the State of North Carolina.

## STATEMENT OF FACTS

11. On the Petition Date, as reflected on IPSE's Schedules of Assets and Liabilities, the Debtors listed an ownership interest in a bank account at BoA (account number ending *7980) with a balance of $44,594.44 (the "Account"). Attached hereto as **Exhibit 1** is a copy of the relevant pages of IPSE's Schedule A/B [Case No. 18-11494, Docket No. 94].

12. The balance of funds in the Accounts as of the Petition Date is property of the Debtors' bankruptcy estate (the "Account Funds"). *See* 11 U.S.C. § 541(a)(1).

13. On July 23, 2018, the Trustee made written demand on Defendant for the turnover of the Account Funds. Attached hereto as **Exhibit 2** is a copy of the demand letter sent to Defendant.

14. On or about August 22, 2018, the Trustee sent said demand with requests by electronic mail to Defendant for turnover of the Account Funds. Attached hereto as **Exhibit 3** is a copy of the confirmation of receipt received by the Trustee. Defendant failed to turn over the Account Funds.

15. The Trustee has not been able to obtain copies of the BoA statements for each of the Accounts and is without sufficient knowledge to determine the exact amount of the Debtors' funds held by Defendant.

## CLAIMS FOR RELIEF

### COUNT I
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

16. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

17. On the Petition Date, the Debtors had ownership in the Account Funds at BoA. The Account Funds on the Petition Date were property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a).

18. Defendant is in possession of property of the Debtors' bankruptcy estate.

19. Pursuant to 11 U.S.C. § 542(a), any party in possession, custody, or control of property of the Debtors' bankruptcy estate must turn over and deliver such property or the value thereof to the Trustee.

20. Despite repeated demand from the Trustee, the Defendant has failed to turn over to the Trustee the Account Funds.

21. Accordingly, pursuant to 11 U.S.C. § 542(a), Plaintiff is entitled to an order of the Court directing Defendant immediately to turn over the Account Funds.

## COUNT II
### (Unjust Enrichment)

22. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

23. Defendant was enriched as a result of receiving the Account Funds by receiving and retaining something of value that belonged to the Debtors.

24. In addition, Defendant may have been enriched by impermissibly collecting fees and other charges from the Account Funds without authorization or approval from this Court to do so.

25. This enrichment violates the law, equity, and good conscience.

26. This enrichment does not result from enforceable agreements between the Debtors and Defendant.

27. By reason of the foregoing, Defendant should be compelled by this Court to make restitution to Plaintiff in the amount that Defendant has been unjustly enriched.

## COUNT III
### (Disallowance of All Claims Pursuant to 11 U.S.C. § 502(d) and (j))

28. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

29. Defendant is an entity from which property is recoverable under 11 U.S.C. § 542.

30. Defendant has not turned over to the Trustee the Account Funds, for which Defendant is liable under 11 U.S.C. § 542.

31. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant or its assignee against the Debtors' chapter 11 or chapter 7 estates or against Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Bank Account Funds, plus interest thereon, and costs.

32. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant or its assignee against the Debtors' chapter 7 bankruptcy estate or against Plaintiff previously allowed by the Debtors or by Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Account Funds.

## COUNT IV
### (Accounting)

33. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

34. The Account Funds may have dissipated from the Petition Date through the current date as Defendant may have withdrawn fees and charges from the Accounts post-petition and without authorization.

35. Not only has Defendant failed to turn over the Account Funds, but it has similarly failed to turn over to the Trustee the statements for the Accounts from the Petition Date going forward.

36. The Trustee is entitled to an accounting of the Accounts from the Petition Date through the current date by receiving from Defendant the relevant bank statements for each of the Accounts.

37. The Trustee demands a full accounting from Defendant of the Accounts from the Petition Date through the later of: (i) the current date, or (ii) the date the Account Funds are turned over to the Trustee.

## COUNT V
**(Sanctions Against Defendant for Willful Violations of the Automatic Stay)**

38. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

39. The Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

40. The Bankruptcy Code also provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

41. Here, Defendant willfully violated the automatic stay provisions of the Bankruptcy Code by: (a) refusing to turn over the Account Funds, despite repeated demand to do so by the Trustee; and (b) improperly and illegally taking money from the Accounts after the Petition Date.

42. Pursuant to 11 U.S.C. § 362(k), the Trustee, on behalf of the Bankruptcy Estate, is entitled to damages, including costs and attorneys' fees, that he has incurred with respect to the willful violations of the automatic stay by Defendant, including all attempts by the Trustee to recover the Account Funds.

WHEREFORE, the Trustee respectfully requests the entry of a judgment in his favor and against Defendant as follows: (a) directing and ordering Defendant to return to the Trustee all of the Account Funds pursuant to 11 U.S.C. § 542; (b) awarding judgment against Defendant and in favor of Plaintiff in an amount equal to the funds in the Accounts as of the Petition Date, plus awarding pre- and post-judgment interest at the maximum legal rate running from the Petition Date until the judgment is satisfied by Defendant, and awarding Plaintiff costs and attorney's fees as a result of this lawsuit; (c) compelling Defendant to make restitution to Plaintiff in the amount that it was unjustly enriched by its retention of the Account Funds; (d) compelling Defendant to provide Plaintiff an accounting of all activity in the Accounts from the Petition Date until such date as the Accounts Funds are turned over to the Trustee; (e) awarding sanctions against Defendant for its willful violations of the automatic stay, with such sanctions at the very least equaling Plaintiff's fees and costs in attempting to retrieve the Account Funds; and (f) awarding such other and further relief as this Court deems just and proper.

Dated: April 15, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

 */s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
        crobinson@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*